UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXWEAR LTD. and<br>SEVEN TRADE LLC,<br><br>                    Plaintiffs,<br>         -against-<br><br>ADAPTIVE RESEARCH & DEVELOPMENT<br>GROUP, LLC (d/b/a ADAPTIVE BIOMED),<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs Luxwear Ltd. and Seven Trade LLC (collectively "Plaintiffs"), by their attorneys, Cohen Tauber Spievack & Wagner P.C., for their Complaint against defendant Adaptive Research & Development Group, LLC (d/b/a Adaptive Biomed) ("Defendant") state as follows:

## Nature of Action

1. This action arises out of Defendant's failure to honor its contractual obligations to deliver COVID-19 testing kits (the "Kits") to Plaintiffs and its subsequent refusal to refund Plaintiffs for Kits that were not delivered and/or were not delivered in a timely fashion. Plaintiffs paid Defendant $3,243,240.00 for 294,840 Kits; 267,160 of which were never delivered and/or were not delivered in a timely fashion. Despite repeated demands, Defendants have refunded only $150,000.00 to Plaintiffs, leaving $2,788,760.00 which is due and owing.

## The Parties

2. Plaintiff Luxwear Ltd. ("Luxwear") is an entity organized under the laws of Gibraltar, with its principal place of business located in Gibraltar.

3. Plaintiff Seven Trade LLC ("Seven Trade") is a limited liability company organized under the laws of the State of New York, with a principal place of business located in

New York, New York.  Seven Trade's sole member is an individual who resides in Rockland County, New York.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of Tennessee, with its principal place of business located at 5810 Shelby Oak Drive, Suite B, Memphis, Tennessee 38134.

## Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in New York County, New York.

## Allegations Relevant to Claims for Relief

7. Defendant is a self-described "medical device and technology distributor".

8. In late-December 2021, Luxwear (through its agent Seven Trade) ordered 294,840 Kits from Defendant at a price of $11 per Kit, for a total purchase price of $3,243,240.00.  Defendant accepted this order and agreed to provide the Kits to Plaintiffs.

9. On or about January 3, 2022, Plaintiffs paid $1,081,080.00 to Defendant for 98,280 Kits; on or about January 6, 2022, Plaintiffs paid $2,162,160.00 to Defendant for 196,560 Kits.

10. The Kits were purchased by Plaintiffs from Defendants because of purchase orders Plaintiffs had received from customers.  Defendant was fully aware of this fact when it received the orders from Plaintiffs and was aware that the Kits had to be delivered in a timely fashion so that they could be provided to Plaintiffs' customers.

11. On or about January 6, 2002, 22,680 Kits were delivered to Plaintiffs; on or about January 26, 2022, 15,120 Kits were delivered to Plaintiffs; and, on or about February 10, 2022, 196,560 Kits were delivered to Plaintiffs.

12. The balance of the Kits which Plaintiffs ordered from Defendants and paid for (60,480 Kits) were never delivered.

13. Out of the 234,360 Kits received, 206,680 Kits were not delivered in a timely fashion and were therefore returned by Plaintiffs to Defendant.

14. Defendant was made aware of the timeliness issues which necessitated the return of the Kits and agreed to refund the amounts paid by Plaintiffs, in full, for the non-delivered and/or not timely delivered Kits. The total amount Defendant agreed to pay Plaintiffs for the non-delivered and/or not timely delivered Kits was $2,938,760.00.

15. Defendant further advised that it had arranged to sell the Kits to other parties and would refund Plaintiffs the amount due from such sales.

16. On or about April 1, 2022, Defendant made a payment of $150,000.00 to Plaintiffs, leaving $2,788,760.00 due and owing.

17. Despite repeated demands, to date, Defendant has failed to refund Plaintiffs the remaining balance due and owing.

18. Upon information and belief, Defendant sold Kits that were returned by Plaintiffs and never paid Plaintiffs from the proceeds of such sales, despite its representation that it would use the proceeds of such sales to repay Plaintiffs.

## **Claim for Relief: Breach of Contract**

19. Plaintiffs repeat the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. As described above, a valid and enforceable agreement was entered into between Plaintiffs and Defendant whereby Plaintiffs agreed to purchase Kits from Defendant and Defendant agreed to provide Kits to Plaintiffs.

21. As described above, Plaintiffs fully performed their obligations under the agreement by paying the agreed-upon amounts for the Kits.

22. As described above, Defendant has failed to perform its obligations under the agreement reached with Plaintiffs by failing to deliver the Kits paid for by Plaintiffs and/or by failing to deliver the Kits in a timely fashion.

23. Based on the foregoing, Defendant has breached its agreement with Plaintiffs -- which breach Defendant has acknowledged but has failed to cure.

24. As a direct and proximate cause of Defendant's breach of the agreement with Plaintiffs, Plaintiffs have been damaged, in an amount to be determined at trial, but in no event less than $2,788,760.00, plus interest, costs, and expenses.

25. In addition, at the time Plaintiffs and Defendant entered into the agreement, Defendant was fully aware that Plaintiffs had arranged for purchasers of the Kits to be delivered by Defendant to Plaintiff. As a result of Defendant's breach of the agreement, Plaintiffs suffered additional damages, in an amount to be determined at trial, but in no event less than $1,000,000.00, plus interest.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant, as set forth above, together with such other and further relief as the Court may deem just and proper.

Dated:  June 28, 2022

                        COHEN TAUBER SPIEVACK & WAGNER P.C.
                        *Counsel for Plaintiffs*

                        By:   /s/ Kenneth J. Rubinstein
                                 Kenneth J. Rubinstein
                                 420 Lexington Avenue
                                 Suite 2400
                                 New York, New York 10170
                                 Tel.: (212) 586-5800
                                 krubinstein@ctswlaw.com