```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
LUXWEAR LTD. and SEVEN TRADE LLC,
                                           22 Civ. 5458 (AT)
                   Plaintiffs,

       -against-

ADAPTIV RESEARCH & DEVELOPMENT
GROUP, LLC (d/b/a ADAPTIV BIOMED),

                   Defendant.
------------------------------------ x
```

### DECLARATION OF VINCENT TIZIO II IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) and (b)(6)

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am the Chief Executive Officer of defendant Adaptiv Research & Development Group, LLC ("Adaptiv") in this action brought by plaintiffs Luxwear Ltd. and Seven Trade LLC ("Seven Trade") (collectively, "Plaintiffs").

2. I make this declaration, which is based upon my personal knowledge, in support of Adaptiv's motion to dismiss the amended complaint, dated July 12, 2022, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6).

3. On June 28, 2022, Plaintiffs commenced this action by filing a summons and complaint. A true and correct copy of the summons and complaint is attached as Exhibit A.

4. On July 12, 2022, Plaintiffs filed an amended complaint. A true and correct copy of the amended complaint is attached as Exhibit B.



**The agreement between Adaptiv and Plaintiffs is governed by a document entitled "Terms and Conditions of Sale," which disclaims Adaptiv's liability for consequential damages**

5.     The amended complaint, which asserts one claim for breach of contract, is premised upon the allegation that Plaintiffs and Adaptiv entered into an "agreement" in which Plaintiffs agreed to purchase COVID-19 test kits from Adaptiv. Exhibit B, ¶¶ 20-25.

6.     The "agreement" referenced in the amended complaint was governed by a document entitled "Terms and Conditions of Sale." A true and correct copy of the Terms and Conditions of Sale is attached as Exhibit C. A true and correct copy of an email in which Adaptiv provided Seven Trade with a copy of the Terms and Conditions of Sale, dated January 6, 2022, is attached as Exhibit D. A true and correct copy an email in which Seven Trade directly responded to the email in which Adaptiv provided Seven Trade with a copy of the Terms and Conditions of Sale, also dated January 6, 2022, is attached as Exhibit E.

7.     The Terms and Conditions of Sale contain, among others, the following provisions:

   a. "All sales of goods by [Adaptiv] are governed by these Terms and Conditions of Sale." Exhibit C, Section 1;

   b. "The terms contained in or incorporated in this document, together with any documents specifically adopted by reference, will be the entire agreement." Exhibit C, Section 1;

   c. **"THIS OFFER AND THAT AGREEMENT WILL BE GOVERNED BY AND CONSTRUED ACCORDING TO THE LAWS OF THE STATE OF TENNESSEE (WITHOUT REFERENCE TO PRINCIPLES OF CONFLICTS OF LAWS)."** Exhibit C, Section 1 (emphasis in original);

   d. "All delivery dates are approximate and subject to the schedule of the goods' manufacturer. [Adaptiv] will not be liable for any losses or damages as a result of any delay or failure to deliver due to any cause beyond [Adaptiv]'s reasonable control, including, but not limited to any act of God, nationwide or global pandemic (including Coronavirus/COVID), act or omission of [Plaintiffs], technical problems or technical questions, embargo or other government act, goods' manufacturer's schedule, regulation or request, fire, accident, strike, slowdown, war, act of terrorism, riot, delay in transportation,



or inability to obtain necessary labor, materials or manufacturing facilities. In the event of any such delay, the date of delivery will be extended as necessary. [Plaintiffs'] exclusive remedy for other delays, and for [Adaptiv]'s inability to deliver or make available for any reason, will be rescission of its agreement to purchase, provided that the manufacturer of the goods, or its affiliates, agrees to such recission." Exhibit C, Section 2; and

e. "[Adaptiv]'s liabilities with respect to the goods sold hereunder will be limited to the remedy and indemnity provided in section 4 of these Terms and Conditions of Sale and, with respect to any other breaches of its contract with [Plaintiffs], will be limited to the contract price of the affected goods. **[ADAPTIV] WILL NOT BE SUBJECT TO ANY OTHER OBLIGATIONS OR LIABILITIES, WHETHER ARISING OUT OF BREACH OF CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE AND STRICT LIABILITY), OR UNDER OTHER THEORIES OF LAW OR EQUITY, WITH RESPECT TO GOODS SOLD BY [ADAPTIV], OR ANY UNDERTAKINGS, ACTS OR OMISSIONS RELATING THERETO.** Without limiting the generality of the foregoing, [Adaptiv] specifically disclaims any liability for property damages, penalties, special or punitive damages, damages for lost profits or revenues, down-time, lost good will, cost of capital, cost of substitute goods, or for any other types of economic loss, or for claims of [Plaintiffs'] customers or any third party for any such damages, costs or losses. **[ADAPTIV] WILL NOT BE LIABLE FOR, AND DISCLAIMS, ALL CONSEQUENTIAL, INCIDENT, INDIRECT AND CONTINGENT DAMAGES WHATSOEVER.**" Exhibit C, Section 5 (emphasis in original).

**Adaptiv's virtually non-existent connection to New York when this action was commenced**

8. At the time this action was commenced, Adaptiv's sole connection to New York was that Seven Trade had a mailing address in New York.

9. Adaptiv has never sent any mail to Seven Trade's mailing address in New York.

10. Adaptiv has never conducted any business dealings relating to its agreement with Plaintiffs in New York, including, but not limited to, meetings, negotiations, phone calls, shipment of goods, or execution of the agreement.

11. The agreement between Adaptiv and Plaintiffs did not require notices, payments, or goods to be sent to New York. Exhibit C.



12. The agreement between Adaptiv and Plaintiffs has a choice-of-law clause specifying that Tennessee law applies. Exhibit C, Section 1.

13. At the time this action was commenced, Adaptiv was incorporated in Tennessee.

14. At the time this action was commenced, Adaptiv's principal place of business was in Florida.

15. At the time this action was commenced, Adaptiv did not have any employees, agents, offices, bank accounts, or property in New York.

16. At the time this action was commenced, Adaptiv was not an authorized vendor in New York.

17. At the time this action was commenced, Adaptiv did not have a phone listing in New York.

18. At the time this action was commenced, Adaptiv did not conduct public relations work in New York.

19. At the time this action was commenced, Adaptiv did not advertise in New York.

20. At the time this action was commenced, Adaptiv did not pay taxes in New York.

21. At the time this action was commenced, Adaptiv did not solicit business in New York.

I declare under penalty of perjury that the information contained in this declaration is true and correct.

Executed on this XX [15 II] day of November 2022.

_____
Vincent Tizio II