UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUXWEAR LTD. and
SEVEN TRADE LLC,

                Plaintiffs,

   -against-

ADAPTIV RESEARCH & DEVELOPMENT
GROUP, LLC (d/b/a ADAPTIV BIOMED),

                Defendant.

Case No.: 22 Civ. 5458 (AT)

## DECLARATION OF ELI SAROT

ELI SAROT, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I provided services to and on behalf of plaintiffs Luxwear Ltd. and Seven Trade
LLC in connection with the transactions at issue in this action.  This declaration is submitted in
opposition to defendant's motion to dismiss the amended complaint and is based on my personal
knowledge and involvement.

2.     Seven Trade LLC ("Seven Trade") is a Delaware limited liability company which
has a principal place of business at 7 World Trade Center, New York, New York.[1]  Seven
Trade's sole member is an individual who resides in Rockland County, New York.

3.     Luxwear Ltd. ("Luxwear"), an entity organized under the laws of Gibraltar,
provided the funding for Seven Trade to purchase COVID-19 testing kits (the "Kits") from
defendant.  Seven Trade handled all aspects of the transactions that are described in the
Amended Complaint (annexed as Exhibit 1).  I was involved in each step of the process whereby

---

[1]     As the Court was advised (*see* Docket Ent. 24), there was an inadvertent error in the Amended
Complaint which noted that Seven Trade LLC is a *New York* limited liability company, when it is actually
a *Delaware* limited liability company.  It is not, as defendant suggested, an entity that was dissolved in
2011 that remained inactive; it was formed in 2021.

the Kits were ordered from defendant and the events that took place thereafter (as are described in the Amended Complaint).

4.      In connection with the purchase of the Kits, Seven Trade utilized the services of Jay Leitner and Abraham Sorotzkin (each located in New York) and myself (while I was in New York and/or Florida).  There were numerous communications with defendant and/or its agents and representatives, including Gentry Beach of Highground Holdings who facilitated the transactions on behalf of defendant, regarding the transactions for the Kits while plaintiffs' representatives were in New York.

5.      I was introduced to defendant by Mr. Beach, who represented himself to be an agent working for defendant.  I had communications with Mr. Beach (and other members of his entity, Highground Holdings) related to the purchase, sale, and delivery (or non-delivery) of the Kits, as well as regarding the issues that were encountered as are detailed in the Amended Complaint.  Many of the communications with Mr. Beach (and other members of Highground Holdings) took place while I (and/others acting for plaintiffs) were in New York.

6.      As reflected in the original purchase order (annexed as Exhibit 2), the Kits were originally scheduled to be delivered to Seven Trade's offices in New York.  (The delivery location was later changed because of logistical issues.)  Defendant was always well aware that it was dealing with a New York-based entity.  This is exemplified by the fact that a sales tax exemption form was not provided because Seven Trade was based in New York and the goods were scheduled to be delivered to New York.

7.      At all relevant times, defendant (either directly or through its agents), was aware that they were dealing with an entity based in New York (Seven Trade), as well with individuals that were located in New York.

{00491192.DOCX; 1}

8.     The "Terms and Conditions" document that defendant referred to in its motion was apparently attached to a confirmation of the purchase orders for the Kits.  Neither I (nor anyone else affiliated with plaintiffs) reviewed or negotiated the terms of that document.

9.     From discussions with Mr. Beach (and with others who have had dealings with defendant), I am aware that defendant sold and/or attempted to sell Kits, as well as other products, to other entities in New York.[2]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 20, 2022

_____

Eli Sarot

---

[2]     This included, without limitation, Remcoda, LLC, who commenced a lawsuit in this Court against defendant (and various others) related to its purchase of Kits.  In Remcoda's complaint, it asserted that it is a New York limited liability company with its principal place of business in New York, New York.

{00491192.DOCX; 1}