UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUXWEAR LTD., et al.,

        Plaintiffs,

-against-

ADAPTIV RESEARCH & DEVELOPMENT GROUP d/b/a ADAPTIV BIOMED,

        Defendant.

22-CV-5458 (AT) (BCM)

**ORDER REGARDING MOTION TO WITHDRAW**

**BARBARA MOSES, United States Magistrate Judge.**

On March 27, 2023, Abrams Fensterman, LLP (Abrams Fensterman) filed a Notice of Motion (Dkt. 53) to withdraw as counsel for defendant Adaptiv Research & Development Group d/b/a Adaptiv Biomed (Adaptiv), supported by a memorandum of law (Mem.) (Dkt. 55), and two declarations signed by Abrams Fensterman attorney Edward A. Smith,[1] one filed under electronic seal (Dkt. 52), pending the outcome of an accompanying sealing motion (Dkt. 51), and another filed on the public docket (Smith Decl.) (Dkt. 54).

In this District, an attorney who seeks leave to withdraw must (i) show "satisfactory reasons for withdrawal," (ii) set forth "the posture of the case, including its position, if any, on the calendar," and (iii) state "whether or not the attorney is asserting a retaining or charging lien." Local Civ. R. 1.4. The motion papers must be "served upon the client" as well as upon the other parties. *Id.* Attorneys of record "may not withdraw from a case without leave of Court granted by order." *Id.* Thus, **the mere filing of a motion for leave to withdraw is not self-executing, and does not relieve counsel of their obligations or extend any pending deadlines**.

The Court has carefully reviewed counsel's motion papers and finds them insufficient.

---

[1] Two Abrams Fensterman attorneys have appeared in this action on behalf of Adaptiv: Smith and Daniel Stuart Alter. The Court therefore construes the motion as seeking leave for both Smith and Alter to withdraw as defendant's attorneys of record.

First, there is no indication that counsel served those papers upon Adaptiv.

Second, the publicly-filed motion papers do not describe the reasons for counsel's withdrawal request, even in summary terms, stating only that those reasons are set forth in attorney Smith's sealed declaration. *See* Mem. at 1; Smith Decl. ¶ 3. Abrams Fensterman is correct that "documents in support of motions to withdraw as counsel are routinely filed under seal *where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel*[.]" *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) (emphasis added); *accord Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *7 (S.D.N.Y. May 11, 2011). However, opposing counsel are entitled to know the basis for the motion. *See Team Obsolete*, 464 F. Supp. 2d at 165 ("The plaintiffs are hereby informed . . . as the relevant case law indicates they should be, that the basis for [counsel's] motion to withdraw is a dispute regarding AHRMA's failure to pay its legal bills.").

Third, with regard to timing, the moving papers note that the fact discovery deadline is April 5, 2023, Smith Decl. ¶ 4, such that "now is a natural juncture for a change in counsel." Mem. at 1-2. However, counsel do not discuss what discovery remains to be done by April 5, or whether they intend, on Adaptiv's behalf, to file a motion to compel additional discovery, the deadline for which is today, March 28, 2023. *See* Smith Decl. ¶ 4; Order dated March 14, 2023 (Dkt. 48).

Fourth, although the firm states that it "is asserting a charging lien for attorney's fees," Smith Decl. ¶ 5, it fails to state, as required by Local Civil Rule 1.4, whether it is asserting a retaining lien. Moreover, as to the charging lien, the firm does not identify any claim or cause of action by Adaptiv to which such a lien could attach. *See* N.Y. Jud. Law § 475 ("the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in

his or her client's favor[.]"). The Court notes that Adaptiv is the defendant in this action, and has not filed any counterclaims.

Fifth, although Adaptiv is not a natural person, and therefore cannot appear and defend itself in this action except through counsel, *see, e.g.*, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001), the firm does not request a stay to permit its client to retain new counsel or propose any other accommodation to prevent or minimize the prejudice to its client from its withdrawal.

For these reasons, it is hereby ORDERED that the sealing motion (Dkt. 51) is GRANTED, but the motion for leave to withdraw (Dkt. 53) is DENIED without prejudice to renewal in accordance with Rule 1.4 and this Order:

1. Counsel's publicly-filed moving papers must state the reasons for the withdrawal request. If nonpayment of fees is asserted as a reason, counsel's supporting declaration must disclose the amount of the arrears, the length of time since counsel were paid, and whether Adaptiv is unable or merely unwilling to pay its legal bills. *See Chen v. Best Miyako Sushi Corp.*, 2017 WL 11698623, at *2 (S.D.N.Y. June 12, 2017) (denying withdrawal motion where counsel did not state whether the payment problem persisted "over an extended period" and did not show that the client was "truly unable to fulfill the payment obligations in question").

2. "Where necessary to preserve the confidentiality of the attorney-client relationship," *Team Obsolete*, 464 F. Supp. 2d at 165, counsel may redact the details of its relationship with Adaptiv (including financial details) from the publicly-filed version of its supporting declaration, and may file the unredacted version under

electronic seal pursuant to § 3 of this Court's Individual Practices and § 6 of the S.D.N.Y. ECF Rules & Instructions.

3. In its motion papers, counsel shall address what, if any, discovery remains to be done, whether it is asserting a retaining lien, and the basis of its request for a charging lien when its client has not asserted any claims or counterclaims in this case.

4. Before filing its renewed motion, Abrams Fensterman shall serve (i) the unredacted version of its motion papers and (ii) this Order upon defendant Adaptiv, and shall promptly file proof of such service on ECF.

5. If defendant Adaptiv wishes to respond to the firm's renewed motion for leave to withdraw, it may do so in the form of a letter (in pdf format, showing the name and signature of its author) emailed to the Court at Moses_NYSDChambers@nysd.uscourts.gov, or in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Defendant's letter must include **the name and docket number of this case**, and **must be emailed or delivered to the Court within one week (7 calendar days) after Adaptiv is served with counsel's motion papers.** Adaptive must also serve a copy of its response on Abrams Fensterman (at the same time it submits that response to the Court), but need not serve a copy on plaintiffs.

6.      Any other objections or responses to the withdrawal motion must also be submitted to the Court **within one week (7 calendar days) after the motion is filed**.

The Court will determine whether a hearing or conference is necessary upon receipt of the renewed motion and any responses thereto.

The Clerk of Court is respectfully directed to close the motions at Dkts. 51 and 53.

Dated:  New York, New York
        March 28, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5