UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LUXWEAR LTD. and SEVEN TRADE LLC,

                                                                                             22 Civ. 5458 (AT) (BM)

                     Plaintiffs,

      -against-

ADAPTIV RESEARCH & DEVELOPMENT           **DECLARATION**
GROUP, LLC (d/b/a ADAPTIV BIOMED),

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Pursuant to 28 U.S.C. § 1746, Edward A. Smith hereby declares under the penalty of perjury as follows:

      1.     I am a partner at the law firm of Abrams Fensterman, LLP ("AF"), counsel to defendant Adaptiv Research & Development Group, LLC in this action.

      2.     I respectfully submit this declaration in support of AF's motion for reconsideration of this Court's order dated March 28, 2023 denying without prejudice AF's motion to be relieved as counsel to defendant (the "Motion").

      3.     In denying the Motion, the Court stated:

> [c]ounsel's publicly-filed moving papers must state the reasons for the withdrawal request. If nonpayment of fees is asserted as a reason, counsel's supporting declaration must disclose the amount of the arrears, the length of time since counsel were paid, and whether Adaptiv is unable or merely unwilling to pay its legal bills. See Chen v. Best Miyako Sushi Corp., 2017 WL 11698623, at *2 (S.D.N.Y. June 12, 2017) (denying withdrawal motion where counsel did not state whether the payment problem persisted "over an extended period" and did not show that the client was "truly unable to fulfill the payment obligations in question").

      4.     Further, in denying the Motion, the Court appears to have overlooked the basis for AF's request to withdraw as counsel. The Motion is not based on defendants' nonpayment of fees. The basis for the Motion is set forth in the sealed declaration submitted in support of the Motion.

Indeed, AF specifically did not base the Motion on the nonpayment of fees, but in accordance with Local Civil Rule 1.4, we indicated "whether or not [AF] is asserting a retaining or charging lien." That is the only context in which the issue of nonpayment was raised in the Motion.

5. The Committee Note to Local Civil Rule 1.4 advises that requiring "the affidavit in support of a motion to withdraw state whether or not a retaining or charging lien is being asserted. . . is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case." This is an appropriate case, as made clear in the declaration under seal.

6. AF therefore respectfully requests that the Court reconsider its Order denying the Motion.

Dated: White Plains, New York
       March 28, 2023

_____
Edward A. Smith