| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _03/30/2023_ |
| LUXWEAR LTD., et al., | |
| Plaintiffs, | 22-CV-5458 (AT) (BCM) |
| -against- | **ORDER DENYING RECONSIDERATION** |
| ADAPTIV RESEARCH & DEVELOPMENT GROUP d/b/a ADAPTIV BIOMED, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

On March 27, 2023, Abrams Fensterman, LLP (Abrams Fensterman) filed a Notice of Motion (Dkt. 53) to withdraw as counsel for defendant Adaptiv Research & Development Group d/b/a Adaptiv Biomed (Adaptiv), supported by a memorandum of law (Dkt. 55), and two declarations signed by Abrams Fensterman attorney Edward A. Smith,[1] one filed under electronic seal at the "*ex parte*" level of restriction (Dkt. 52),[2] pending the outcome of an accompanying sealing motion (Dkt. 51), and another filed on the public docket (Dkt. 54).

On March 28, 2023, the Court granted the sealing motion but denied the withdrawal motion without prejudice to renewal in conformance with Local Civ. R. 1.4. 3/28/23 Order (Dkt. 57) at 3. In particular, the Court: (1) directed counsel to "state the reasons for the withdrawal request," adding that *if* nonpayment of fees were asserted as a reason, certain additional information must be provided; (2) authorized counsel to file any sensitive details concerning those reasons under electronic seal (as they did with the sealed Smith declaration); (3) directed counsel to address (a) what, if any, discovery remains to be done, (b) whether the firm is asserting a retaining lien,

---

[1] Two Abrams Fensterman attorneys have appeared in this action on behalf of Adaptiv: Smith and Daniel Stuart Alter. The Court therefore construed the motion as seeking leave for both Smith and Alter to withdraw as defendant's attorneys of record.

[2] Documents filed at the "*ex parte*" level are only available to the filing party and Court personnel.

and (c) the basis of the request for a charging lien where the client has not asserted any claims or counterclaims in this case; and (4) directed counsel to serve their motion papers on their client, along with the 3/28/23 Order, before filing any renewed motion. *Id.* at 3-4.[3] Additionally, the Court set a schedule for Adaptiv and plaintiffs to respond to the motion, and authorized Adaptiv to do so confidentially. *Id.* at 4-5.

Within hours, counsel filed a reconsideration motion (Dkt. 58), supported by a memorandum (Mem.) (Dkt. 60), a new declaration signed by attorney Smith (New Smith Decl.) (Dkt. 59), and a proof of service showing that the reconsideration papers (though not the 3/28/23 Order itself) were served on Adaptiv. (Dkt. 61.) Counsel argue that this Court misconstrued their original withdrawal motion, which was not based upon nonpayment of fees. Rather, "[t]he basis for the Motion is set forth in the sealed declaration submitted in support of the Motion." New Smith Decl. ¶ 4; *accord* Mem. at 2.

The Court read the sealed Smith declaration. The Court understood that declaration to raise two issues, one of which was nonpayment of fees. Counsel now clarify that they raised the issue of nonpayment only to provide context for their request for a charging lien, not as a basis of their request for leave to withdraw. New Smith Decl. ¶ 4; Mem. at 2. This does not, however, cure the deficiencies that caused the Court to deny the original motion. In their reconsideration papers, counsel do not mention – or make any effort to address – their failure to identify *any* "satisfactory reason" for withdrawal (even at a high level) in their publicly-filed papers, *see* Local Civ. R. 1.4; their failure to address whether any discovery remains to be done; their failure to state (as expressly required by Rule 1.4) whether or not they are asserting a *retaining lien* on the client's papers and

---

[3] It appears from the docket that counsel did serve Adaptiv with their publicly-filed motion papers, albeit not until March 28, 2023. However, the certificate of service (Dkt. 56) makes no reference to the sealed Smith declaration.

files; or their failure to explain (either in their publicly filed papers *or* in the sealed declaration) the basis of their request for a *charging lien* against a client that is not asserting any affirmative claims upon which it could recover a judgment or settlement.

As explained in the 3/28/23 Order, when a lawyer seeks leave to withdraw from a representation – which inevitably delays the progress of a litigation and may in some cases cause more serious prejudice – the opposing parties are entitled to know "the basis for the motion," *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006), and the Court often requires more than merely the "basis," particularly where the client opposes the motion (which may or may not be the case here) or where the withdrawing attorney seeks a charging lien (which is apparently the case here). "[W]hile an attorney may be granted leave to withdraw upon 'a showing of satisfactory reasons,' Local Civ. R. 1.4, that same attorney is entitled to a charging lien only if 'he has withdrawn for 'good cause,' which is a higher standard than the 'satisfactory reason' requirement of Local Civil Rule 1.4.'" *Clinton Cap. Corp. v. 257 W. 21st St. Assocs., Inc.*, 2021 WL 5417025, at *1-2 (S.D.N.Y. Nov. 19, 2021) (quoting *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *3 (S.D.N.Y. Aug. 15, 2005)); *accord Taylor v. Aegis Realty Mgmt. Corp.*, 2017 WL 11566891, at *3 (S.D.N.Y. Sept. 7, 2017) (collecting cases).

This does not mean, of course, that every detail of the rupture between attorney and client must be exposed. On the contrary: as Judge Wicks recently explained in *White v. Advanced Cardiovascular Diagnostics, PLLC*, 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023):

> Motions to withdraw . . . pose the unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while at the same time not divulging confidential or privileged communications or otherwise caus[ing] prejudice to the client. The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other. In addition, the outgoing lawyer always has the duty to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client.

3

*Id.* at *2 (internal quotation marks and citations omitted). One way to "thread this needle" is for counsel to "provide more detail on an *ex parte* basis as to avoid unnecessarily divulging any confidential specifics." *Id.*; *see also*, *e.g.*, *Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to withdraw after reviewing, *in camera*, the affidavit and memorandum concerning the "specifics" of the dispute between attorney and client).

In this case, counsel's publicly-filed motion papers provide no hint of the "basis for the motion" (except that it is *not* non-payment of fees). The sealed Smith declaration, filed *ex parte*, does provide a hint – in the form of a "*see*" citation to certain provisions of the New York Rules of Professional Conduct – but nothing more. No *facts* are provided that could enable this Court to determine that counsel have either "satisfactory reasons" to be relieved of their obligations as defendant's counsel of record or "good cause" to withdraw, such that they are entitled to assert a charging lien against any future recovery by their client. Consequently, the Court reiterates that, while counsel may renew their motion for leave to withdraw:

1. Their publicly-filed moving papers must state the reasons for the withdrawal request.

2. "Where necessary to preserve the confidentiality of the attorney-client relationship," *Team Obsolete*, 464 F. Supp. 2d at 165, counsel may redact the underlying facts from the publicly-filed version of their supporting declaration, and may file the unredacted version under electronic seal (at the "*ex parte*" level).

3. In their motion papers, counsel shall address what, if any, discovery remains to be done, whether they are asserting a retaining lien, and the basis of their request for a charging lien, given that the client has not asserted any claims or counterclaims in this case.

4. Before filing their renewed motion, counsel shall serve (i) the unredacted version of its motion papers and (ii) this Order upon defendant Adaptiv, and shall promptly file proof of such service on ECF.

5. If defendant Adaptiv wishes to respond to counsel's renewed motion for leave to withdraw, it may do so in the form of a letter (in pdf format, showing the name and signature of its author) emailed to the Court at

Moses_NYSDChambers@nysd.uscourts.gov, or in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

6. Defendant's letter must include **the name and docket number of this case**, and **must be emailed or delivered to the Court within one week (7 calendar days) after Adaptiv is served with counsel's motion papers**. Adaptive must also serve a copy of its response on Abrams Fensterman (at the same time it submits that response to the Court), but need not serve a copy on plaintiffs.

7. Any other objections or responses to the withdrawal motion must also be submitted to the Court **within one week (7 calendar days) after the motion is filed**.

The Court will determine whether a hearing or conference is necessary upon receipt of the renewed motion and any responses thereto.

The Clerk of Court is respectfully directed to close the motion at Dkt. 58.

Dated: New York, New York
       March 30, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**